# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| Julian Cobb, | Case No.: |
| Plaintiff, | **2 10 C V 4 0 1** |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| Midland Credit Management, Inc., | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### FACTS COMMON TO ALL COUNTS

2. Sometime prior to January 20, 2010, Plaintiff incurred a debt to SBC – Ameritech, which is a "debt" as defined by 15 U.S.C. §1692a(5).

3. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

4. On January 20, 2010, Plaintiff filed a voluntary petition for a Chapter 7 bankruptcy.

5. On May 3, 2010, Plaintiff's debts were discharged in bankruptcy.

6. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

7. Throughout August 2010, Defendant telephoned Plaintiff on numerous occasions in connection with the collection of the debt.

8.  During several of these communications, Plaintiff informed Defendant that Plaintiff had filed bankruptcy, provided Defendant with his bankruptcy case number, and asked that Defendant no longer contact him regarding the debt, which had been discharged in bankruptcy.

9.  During several of these communications, Defendant responded to Plaintiff's notice by directly asking Plaintiff how he intended to pay the debt, as if Plaintiff had so nothing whatsoever about his bankruptcy.

10. Defendant repeatedly ignored these notices and continued to telephone Plaintiff in connection with the collection of the debt on several occasions thereafter, each time claiming that it had never received any notification of Plaintiff's bankruptcy.

11. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

12. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

13. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff in connection with the collection of a debt despite having knowledge that Plaintiff was represented by an attorney with respect to such debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

14. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

15. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

16. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

17. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:_____

    Timothy J. Sostrin
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff